Dear Ms. Odom:
Reference is made to your recent request for an Attorney General's opinion regarding taxes levied by gravity drainage districts. You have asked this office to address a number of specific questions, which will each be addressed separately.
Before responding to your specific questions, we note that gravity drainage districts are created pursuant to R.S. 38:1751, et seq. In accordance with R.S. 38:1768, such districts may levy "any tax or forced contribution which is authorized by the constitution and laws of the state". Furthermore, R.S. 38:1770
provides for the levy of acreage taxes by gravity drainage districts in the amount of fifty cents per acre.
1. "Does the homestead exemption allowed by law extend to an acreage tax or a millage levied by a gravity drainage district?"
Generally, in the State of Louisiana, `millage' refers to the method used to calculate ad valorem taxes. A `mill' is a monetary unit equal to one-tenth of one cent. Therefore, for purposes of this opinion, we assume that your references to millages refers to ad valorem taxation.
La. Const. Art. VII, Sec. 20, which provides for the homestead exemption, pertinently states that "[t]he bona fide homestead" is exempt "from state, parish and special ad valorem
taxes". In our opinion, the ad valorem taxes of special districts such as gravity drainage districts are special ad valorem taxes, and therefore the homestead exemption would extend to any ad valorem taxes levied by such districts.
Also pertinent to your question is ACORN v. City of NewOrleans, 377 So.2d 1206 (La. 1979), wherein the Supreme Court distinguished specific taxes from ad valorem taxes. InAcorn, the Supreme Court classified a parcel fee as a "specific tax". In pertinent part, the Court stated:
 "Duties are either ad valorem or specific; the former when the duty is laid in the form of a percentage on the value of the property, the latter where it is imposed as a fixed sum on each article of a class without regard to its value.
* * *
 "The tax under consideration is clearly not levied according to the valuation of the property taxed; it is a specific tax, and not an ad valorem tax. It is not, therefore, a millage increase upon a parish ad valorem tax, and is not regulated by other provisions of law governing ad valorem taxation."
* * *
 "Homestead exemption in Article 7, § 20 exempts certain property `from state, parish and special ad valorem taxes . . . The homestead exemption applies to nothing except ad valorem taxes."
In our opinion, acreage taxes are `specific taxes' as they are imposed upon acreage without regard to the value of each acre. In accordance with Acorn, such specific taxes are not reduced by the homestead exemption.
2. "Does this tax, whether an acreage tax or millage, extend to ALL taxable acreage within the gravity drainage district; i.e., residential, commercial, or agricultural? Or, may the drainage district choose to tax only certain types of properties?"
With regard to acreage taxes, R.S. 38:1770 provides that such taxes shall extend to ". . . each and every acre of land composing the gravity drainage district . . .". As such, it is the opinion of this office that acreage taxes must be levied on all types of property and cannot be limited to certain classifications.
With regard to ad valorem taxes, we note that La. Const. Art.VII, Sec. 21 pertinently provides:
 "In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation . . .". (a copy of the complete article is enclosed)
In our opinion, Art. VII, Sec. 21 prohibits gravity drainage districts and other political subdivisions from exempting from ad valorem taxation any property other than properties subject to the homestead exemption or properties listed in Art. VII, Sec. 21. As such, an ad valorem tax levied by the gravity drainage district would extend to all property within the district, including residential, commercial and agricultural property, unless such property is "the bona fide homestead" in accordance with Art. VII, Sec. 20, or unless such property is otherwise exempt in accordance with Art. VII, Sec. 21.
3. "Who is responsible for providing the Assessor with sufficient maps or plats of survey with which to determine drainage district lines?"
R.S. 33:4713 provides in pertinent part as follows:
 "The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionally by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 "The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share."
In accordance with R.S. 33:4713 the police jury or other governing authority shall make these purchases and then bill the other tax recipient bodies for their proportionate share. The police jury or other governing authority is mandated to purchaseall maps and supplies necessary for the performance of the assessor's official duties.
It is our opinion that if your office adequately asserts and evidences its need for gravity drainage district map(s) and plat(s) of survey, then the police jury would have the obligation to purchase same and then bill the other tax recipient bodies for their proportionate share. (In accord: Atty. Gen. Ops. 95-45, 88-443, 88-364).
4. "In compensation for the service of listing and extending the taxes levied against property by the drainage commission (whether an acreage tax or millage), is the East Carroll Parish Assessor's Salary Fund annually entitled to one-fifth of the tax monies collected for each gravity drainage district situated in East Carroll Parish and also annually entitled to $100 from each such district?"
R.S. 38:1789, with respect to assessments made for gravity drainage districts, provides, in pertinent part:
 "The assessor making the assessment roll shall receive one-fifth of the regular fees fixed by law on all ad valorem taxes, and the sum of one hundred dollars for the listing of property to serve as a basis to collect the acreage tax shall be paid him by the district when the triplicate rolls are completed and filed as herein required."
However, this office has previously opined that R.S. 38:1789, which was originally enacted by Act 238 of 1934, Sec. 32, has been superseded to some extent by Act 84 of 1936 [R.S. 47:1906], which first fixed the allowance of the assessors for clerical and other expenses, and which pertained to the Assessors' salary and expense funds. Opinion of the Attorney General, 1944-46, pg. 398, copy enclosed. In remains the opinion of this office, in accordance with our previous opinion, that Act 84 of 1936 repealed R.S. 38:1789 ". . . with respect to the provisions [of R.S. 38:1789] fixing the contribution of gravity drainage districts to the Assessor's Salary Fund at one-fifth that of other tax recipient bodies collecting the same amount of taxes." Your office is not, therefore, entitled to the percentage of taxes collected for gravity drainage districts referred to in R.S. 38:1789.
Also in accordance with our previous opinion, it remains the opinion of this office that R.S. 38:1789 entitles the assessors to payment from the gravity drainage districts of a one-time payment (not an annual payment) of $100.00 for making up the original district rolls or property lists.
5. "Is the Assessor obligated by law to perform any services for the gravity drainage districts other than listing and extending of the taxes levied against property by the drainage districts?"
In accordance with R.S. 38:1789, assessors shall, in addition to assessing the property located in gravity drainage districts and listing and extending it on the assessment rolls, make the assessment lists in triplicate, file the original with the clerk of the district court and copies with the sheriff and tax collector as well as with the commissioners of the district. Our research did not reveal any other provisions of law pertaining strictly to the duties of assessors with regard to gravity drainage districts. As I am sure you are aware, R.S. 47:1901, et seq. provides for the duties and authority of assessors generally. It is our opinion that you are not legally obligated to provide any services to gravity drainage districts other than as set forth in R.S. 38:1789 or as provided to other taxing bodies in accordance with the provisions of R.S. 47:1901, et seq.
We trust the foregoing to be helpful. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Enclosure